UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD ORTIZ,

        Petitioner,

    v.

JEAN HILL, as Superintendent, Snake
River Correctional Facility,

        Respondent.

Civil No. 04-1066-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

      Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus [2] on August 2, 2004 pursuant to 28 U.S.C. § 2254. Petitioner initially asserted ten grounds supporting his claim that his constitutional rights had been violated. Petitioner acknowledged subsequently in his supporting brief that five of the ten claims lacked merit. Accordingly, the following five claims are dismissed: Claims One and Four challenging the constitutionality of Ballot Measure Eleven;

1 – OPINION AND ORDER

Claim Two challenging the denial of bail and pre-trial release under Oregon law; Claim Eight challenging the post-conviction court's failure to strictly construe trial management orders; and Claim Ten challenging the imposition of consecutive sentences.

Petitioner continues to allege that his trier of fact was biased and that the post-conviction court applied the incorrect burden of proof in considering possible constitutional violations. Petitioner also asserts three claims of ineffective assistance of counsel. For the following reasons, petitioner's petition is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

At age fourteen, petitioner's daughter reported that her father had been abusing her sexually since the age of seven. Petitioner had taken photographs of sexual acts with his daughter. Those photographs were recovered by the police. While in custody, petitioner waived his right to counsel and made a taped confession admitting to abusing his daughter sexually.

Petitioner was indicted in Marion County on four counts of Rape in the First Degree and four counts of Sodomy in the First Degree. The prosecution made a plea offer of three counts of rape and two counts of sodomy, with a 600-month sentence, but the offer was rejected.

Petitioner agreed to a stipulated facts trial. The stipulation acknowledged guilt as to three counts of rape and two counts of sodomy. Petitioner was found guilty based on the stipulated facts. A sentence of 100 months for each count was imposed, to be served consecutively, resulting in a total sentence of 500 months.

The stipulated facts trial allowed petitioner to appeal the issues related to Oregon Ballot Measure Eleven, which established mandatory sentencing for certain crimes of sexual abuse. Petitioner filed a direct appeal challenging the constitutionality of the Measure Eleven sentence.

2 – OPINION AND ORDER

The Court of Appeals of the State of Oregon affirmed from the bench and review was denied by the Oregon Supreme Court.

Petitioner filed a claim for post-conviction relief in the Circuit Court for the County of Malheur, alleging numerous federal and state constitutional violations, including ineffective assistance of counsel. Relief was denied and petitioner filed a claim with the Court of Appeals for the State of Oregon, but the judgment was affirmed without opinion. Review was denied by the Oregon Supreme Court.

## ANALYSIS

Petitioner alleges that his former attorney provided ineffective assistance of legal counsel for failing to investigate a potential alibi for one alleged incident of rape, failing to inform him that he was exposed to a sentence of 500 months, and failing to inform him that a Ballot Measure Eleven constitutional challenge was no longer viable.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both incompetence of counsel and prejudice to petitioner's case. The petitioner bears the burden of showing that counsel's performance was unreasonable in light of the prevailing professional norms and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance is judged on the facts of the particular case as they were known at the time of counsel's conduct. *Bell v. Cone*, 535 U.S. 685, 698 (2002). The test is "not whether another lawyer, with the benefit of hindsight, would have acted differently," or "what defense counsel could have pursued." *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998) (quotations and citations omitted). The standard of review is highly

deferential and there is a strong presumption that counsel rendered adequate assistance that fell within the wide range of reasonable professional judgment. *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (citing *Strickland*, 466 U.S. at 690).

Counsel's duty to investigate is not limitless. *Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir. 1995) (quoting *United States v. Tucker*, 716 F.2d 576, 584 (9th Cir. 1983)). A lawyer "may make a reasonable decision that particular investigations are unnecessary" and "the court must apply a heavy measure of deference" to that judgment. *Babbitt*, 151 F.3d at 1173-74 (quotation and citation omitted).

Petitioner's claims alleging ineffective assistance of counsel were denied by Oregon's post-conviction court. Although the court did not specify the burden of proof applied in that decision, the State acknowledges it would have been a preponderance-of-the-evidence standard. The Ninth Circuit recognizes that such a standard is "contrary to clearly established Supreme court precedent," does not require deference under 28 U.S.C. § 2254(d)(1), and that such claims should be reviewed *de novo*. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1243 (9th Cir. 2005) (citations omitted). Accordingly, petitioner's claims of ineffective assistance of counsel are reviewed *de novo*.

Petitioner argues that he has an alibi defense for one date that he was accused of committing rape in the state of Oregon. The victim alleged that she was raped in Oregon on November 30, 1996. Petitioner asserts that his family was in California and out of Oregon's jurisdiction on November 30, 1996 and did not return to Oregon until December 2, 1996. In his statement to police, defendant admitted to committing the rape in Oregon on or about December

2, 1996. Counsel conducted an investigation that included interviewing the victim and the victim's mother. In light of the investigation, counsel elected not to pursue an alibi defense for the November 30, 1996 rape. This decision was not unreasonable. Defendant had admitted to ongoing sexual abuse in Oregon over an eleven-month period that included December 2, 1996. Counsel's decision to forego an argument that the victim miscalculated one alleged date of attack by three days falls within the range of reasonable professional judgment.

Petitioner also alleges that counsel failed to inform him that he was facing a 500-month sentence. He contends that if he had known that, he would have pursued his right to a jury trial. Counsel filed a sworn statement declaring he informed petitioner that with five separate counts at 100 months each he was facing a sentence of 500 months, as compared to his exposure at trial of eight separate counts at 100 months each, and that petitioner elected to limit his risk through a stipulated facts trial. Def. Ex. 158, Affidavit of Martin C. Habekost, P.C. (Habekost Affidavit), at 12.

In his supporting brief in this case, petitioner alleges that although counsel may have explained what sentence petitioner was exposed to as a result of the stipulation, counsel advised him that he would most likely receive a sentence of twenty years. In the post-conviction proceeding in the state of Oregon, petitioner testified that counsel informed him he would likely receive a sentence of twenty-five years. Def. Ex. 160, Transcript of Motion for Reconsideration, at page 42. Petitioner offers no evidence supporting his assertion that counsel advised him the sentence would be twenty years, other than his unsworn statements in his petitions for habeas and post-conviction relief, and his sworn testimony from the state proceedings in which he testified he was told he would receive twenty-five years.

5 – OPINION AND ORDER

Assuming, *arguendo*, that counsel did advise petitioner that he would likely receive a sentence of twenty years, "a mere inaccurate prediction, standing alone, [does] not constitute ineffective assistance." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (citation omitted). In *Sunn*, the court found ineffective assistance of counsel when an attorney made multiple representations that the defendant would likely receive probation and his chance of an extended sentence was almost zero, the attorney threatened to withdraw as counsel if defendant refused to plead guilty, and the defendant later received multiple life sentences as a result of the guilty plea. *Id*. at 862. Here, there is no dispute that counsel explained the possible maximum sentence and left the decision to petitioner. There is no evidence that counsel threatened petitioner with withdrawal. Counsel also did not make such a gross error as promising probation when multiple life sentences were imposed. Even if counsel suggested that the sentence would likely be twenty years, that inaccurate prediction alone fails to establish ineffective assistance of counsel. *Id*. at 865.

Petitioner's final ineffective assistance of counsel claim alleges that counsel failed to inform petitioner that just prior to his sentencing the Oregon Supreme Court had ruled that Ballot Measure Eleven was constitutional. Petitioner asserts that as a result of this decision, the benefit of a direct appeal provided by the stipulated facts trial was illusory. There is no evidence that counsel specifically discussed the decision with petitioner. However, counsel acknowledged it in the sentencing memorandum, indicating a belief that federal challenges remained as to the constitutionality of the Ballot Measure. Constitutional challenges to Ballot Measure Eleven were argued at the federal level until the Ninth Circuit Court of Appeals found it to be constitutional in *Alvarado v. Hill*, 252 F.3d 1066 (2001). Accordingly, counsel's determination

at the time of petitioner's sentencing that there remained federal constitutional challenges to Ballot Measure Eleven was not unreasonable.

Petitioner also alleges that the trier of fact in this case was biased. Petitioner asserts that the judge was influenced improperly by inflammatory and inadmissible photographs prior to sentencing. Petitioner acknowledges that the court refused to admit the photographs at sentencing, but alleges that they were described in detail during an off-camera hearing and that the judge possibly examined them. Petitioner offers no evidence to support this allegation. The only evidence in the record is a sworn statement by petitioner's counsel declaring that the judge did not examine the photos. Habekost Affidavit at 11. The court finds this claim is without merit.

## **CONCLUSION**

For the foregoing reasons, petitioner's petition [61] is DENIED.

IT IS SO ORDERED.

DATED this _23___ day of March, 2006.

_____/s/ Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge

7 – OPINION AND ORDER